[No. D035890. Fourth Dist., Div. One. May 23, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID JEROME WALKER, Defendant and Respondent.

382

**COUNSEL**

Paul J. Pfingst, District Attorney, Thomas F. McArdle and Josephine A. Kiernan, Deputy District Attorneys, for Plaintiff and Appellant.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**HUFFMAN, J.**—This case requires us to determine whether a trial judge may find an alleged prior conviction "not true" based on the trial judge's personal belief the prosecution should have to prove the validity of the waiver of *Boykin-Tahl*[1] rights, even in the absence of a challenge on that ground by the defendant. After rehearing,[2] we conclude the prosecution is not required to prove, as an element of the "truth of a prior conviction" the validity of the underlying change of plea, because such challenge can only be made pursuant to the procedures set forth in *People v. Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904] (*Sumstine*) and *People v. Allen* (1999) 21 Cal.4th 424 [87 Cal.Rptr.2d 682, 981 P.2d 525]. We also conclude that a "not true" finding based on the absence of proof of a *Boykin-Tahl* waiver is not an acquittal and that the prosecution may appeal the court's order effectively striking the alleged prior conviction.

David Jerome Walker entered a guilty plea to burglary of an automobile (Pen. Code,[3] § 459) He waived his right to jury trial on the issue of the truth of two alleged serious/violent felony prior convictions (§ 667, subds. (b)-(i)) and one prison prior (§ 667.5, subd. (b)).

There were two prior convictions alleged as "strikes," one from the Los Angeles Superior Court in October 1988 and one from the United States

---

[1]*Boykin v. Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

[2]The published opinion in this matter filed on May 2, 2001, has been superseded by this opinion filed after we granted a rehearing May 16, 2001, on the court's own motion. (See California Rules of Court, rules 27(a), 976(d).)

[3]All further statutory references are to the Penal Code unless otherwise specified.

District Court for the Central District of California in May 1989. The California conviction was for robbery and the federal conviction was for armed bank robbery. The court found the California conviction to be true. As to the federal conviction the court found the prosecution failed to meet its burden of proving the validity of the waiver of *Boykin-Tahl* rights at the time of the guilty plea in federal court and therefore found the federal prior "not true." Walker was sentenced to a doubled lower term for a total sentence of 32 months.

The People appeal contending the trial court erred in requiring proof that the plea at the time of the federal conviction met *Boykin-Tahl* standards. They also allege they are entitled to appeal from the trial court's order as an order effectively striking the alleged prior conviction (§ 1238, subd. (a)(10)). We find the trial court improperly blended the *Sumstine, supra,* 36 Cal.3d 909 procedures into a trial on the truth of the prior convictions under section 1025 and thus improperly struck an alleged prior conviction. We find the prosecution has properly appealed and will remand the case to the trial court to permit Walker to bring a motion to invalidate the federal conviction on *Boykin-Tahl* grounds and/or seek a new trial on the truth of that alleged prior conviction.[4]

DISCUSSION[5]

I

*Can The Prosecution Appeal?*

The People contend they are entitled to appeal the trial court's order since it was not an acquittal, but rather a decision invalidating and striking the alleged prior conviction. Walker contends the decision of the trial court was an acquittal, and if not, principles of res judicata and collateral estoppel as set forth in our opinion in *People v. Mitchell* (2000) 81 Cal.App.4th 132 [96 Cal.Rptr.2d 401] (*Mitchell*) bar retrial and thus the appeal should be dismissed.[6] As we will explain, the trial court's decision was not a determination of the issues before it in a trial on the truth of the prior conviction under section 1025, but was instead an order invalidating a prior conviction

---

[4]We note the trial court failed to make any finding on the truth of the alleged prison prior. This was error since the matter was clearly before the court. On remand the trial court may again consider the truth of the alleged prison prior conviction and should make an appropriate finding on that allegation.

[5]Since the validity of the conviction has not been challenged on this appeal we will omit the traditional statement of facts.

[6]Walker originally raised this issue by filing a separate motion to dismiss, which we ordered considered with this appeal.

on constitutional grounds without following the procedure set out in *Sumstine, supra,* 36 Cal.3d 909. As we will also explain, our decision in *Mitchell, supra,* 81 Cal.App.4th 132, does not bar retrial in a case where judicial error prevented the prosecution from a full and fair determination of the merits of the allegation. We will deny the motion to dismiss.

Section 1238 provides, in part: "(a) An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside all or any portion of the indictment, information or complaint. [¶] . . . [¶] (10) The imposition of an unlawful sentence . . . . As used in this paragraph 'unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."

In order to determine if the prosecution may appeal this order we must determine whether the court's decision constitutes an acquittal, or whether it merely constitutes a striking of the prior conviction. In *People v. Raby* (1986) 179 Cal.App.3d 577 [224 Cal.Rptr. 576] (*Raby*), the court did hold an order finding a prior conviction "not true" to be an acquittal which barred retrial. Since *Raby,* however, the Supreme Court has changed the analysis of the effect of a trial on the truth of prior convictions. In *People v. Monge* (1997) 16 Cal.4th 826 [66 Cal.Rptr.2d 853, 941 P.2d 1121], which was upheld by the United States Supreme Court in *Monge v. California* (1998) 524 U.S. 721 [118 S.Ct. 2246, 141 L.Ed.2d 615], the court held that principles of double jeopardy did not bar retrial of alleged prior convictions. Thus we believe the basis underlying the decision in *Raby, supra,* 179 Cal.App.3d 577 has been destroyed by later developments in the law. There appears to be no double jeopardy bar to retrial of the prior conviction in this case, hence there is no constitutional barrier to the prosecution's appeal.

The court in *People v. Monge, supra,* 16 Cal.4th 826, and again in *People v. Hernandez* (1998) 19 Cal.4th 835 [80 Cal.Rptr.2d 754, 968 P.2d 465], noted that although double jeopardy principles did not bar retrial of prior convictions, there may be other statutory or case law principles which may prevent such retrials. In *Mitchell, supra,* 81 Cal.App.4th 132, this court addressed the issue of whether other principles might prevent retrial of alleged prior convictions. In that case we held the equitable principles of res judicata and collateral estoppel were relevant to a determination of the prosecution's rights to subject a defendant to repeated trials on alleged prior convictions.

Walker, relying on *Mitchell, supra,* 81 Cal.App.4th 132 contends the prosecution is barred from retrying the prior conviction and hence is barred

from challenging the determination on appeal. The People, railing against our analysis in *Mitchell*, challenge our discussion in this area as "dicta." They conclude, however, that even if we were correct in *Mitchell*, our decision does not bar retrial.

In *Mitchell, supra,* 81 Cal.App.4th 132 we held that retrial was barred where the prosecution had a full and fair opportunity to present its proof on the truth of the prior conviction in that case. We noted that there were no evidentiary errors of the trial court that prevented the prosecution from presenting its proof at the first trial. Thus, central to our decision to bar retrial was the absence of judicial error that could have prevented the prosecution from making its case. (*Id.* at p. 136.) '

Applying our analysis in *Mitchell, supra,* 81 Cal.App.4th 132 to the facts before us it is clear the prosecution should not be prevented on equitable grounds from challenging the trial court's decision. The trial court, in our view, plainly erred in imposing the burden to prove an element of the prior conviction which is not required by statute. The trial court effectively invalidated the prior conviction without requiring the defendant to comply with the procedure established by the court in *Sumstine, supra,* 36 Cal.3d 909. Accordingly, it deprived the prosecution of a full and fair opportunity to prove its case. Equity cannot prevent the prosecution from seeking to overturn that decision on appeal.

Finally we return to the statute governing this appeal. As we will discuss in the next section, the trial court did not really make a "not true" determination, but instead invalidated the prior conviction on constitutional grounds. As such its decision had the effect of either striking the prior conviction or dismissing it as an allegation in the pleadings. As such we believe the trial court's novel analysis resulted in an order that falls within the scope of both subdivision (a)(1) and (10) of section 1238. Accordingly, the order and the judgment imposed thereon are appealable by the prosecution. (*People v. Jackson* (1991) 1 Cal.App.4th 697, 700-701 [2 Cal.Rptr.2d 308]; *People v. Espinoza* (1979) 99 Cal.App.3d 59, 65-68 [159 Cal.Rptr. 894]; *People v. Davis* (1979) 94 Cal.App.3d 215, 217-222 [156 Cal.Rptr. 395].)

II

*Invalidation of the Prior Conviction*

The trial court in this case determined the alleged federal prior conviction for bank robbery was not true because the prosecution failed to

prove the validity of the waiver of constitutional rights at the time of the guilty plea in that case. The People contend the court erred in that it effectively invalidated the prior conviction on constitutional grounds without first complying with the procedures established by the California Supreme Court. We agree with that contention and reverse the trial court's decision.

At a trial on the proof of alleged prior felony convictions it is necessary for the prosecution to prove the accused suffered the prior felony conviction as alleged. (§ 1025; *People v. Kelii* (1999) 21 Cal.4th 452, 455 [87 Cal.Rptr.2d 674, 981 P.2d 518]; *People v. Wiley* (1995) 9 Cal.4th 580, 589 [38 Cal.Rptr.2d 347, 889 P.2d 541].) Where the prior conviction is alleged to be for a serious felony, the prosecution must also show that the offense committed qualifies as a serious felony in California. (*People v. Myers* (1993) 5 Cal.4th 1193, 1195 [22 Cal.Rptr.2d 911, 858 P.2d 301]; *People v. Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150].)

Notably, none of the authorities cited above require the prosecution to prove the constitutional validity of the prior conviction as an element of the proof required by section 1025. Rather, under procedures set forth by the California Supreme Court in *Sumstine* for a trial court to follow when a defendant makes sufficient allegations challenging the validity of the prior conviction on certain constitutional grounds, the prosecutor is only required to show the defendant suffered such previous conviction and then is entitled to present rebuttal evidence if the defendant carries his burden of producing evidence to show that his *Boykin-Tahl* rights were violated. (*Sumstine, supra,* 36 Cal.3d at p. 923.) Such procedure was ignored in the present case.

In *People v. Allen, supra,* 21 Cal.4th 424, the court revisited *Sumstine, supra,* 36 Cal.3d 909 to determine its continued vitality. The court in *Allen* determined that it would continue to follow *Sumstine* in appropriate cases. As is relevant to this case the court determined that a defendant could bring a constitutional challenge to a prior conviction on *Boykin-Tahl* grounds. The court affirmed the *Sumstine* procedure which requires a defendant challenging a prior conviction on *Boykin-Tahl* grounds to make sufficient allegations that the prior conviction by plea violated the constitutional requirements of *Boykin-Tahl*. In such circumstances the trial court is then required to hold an evidentiary hearing at which the defendant has the burden of producing evidence that his or her *Boykin-Tahl* rights were violated. After such proof, the prosecution will then have the right to rebut such evidence, "at which point reliance on a silent record will not be sufficient" to show full compliance with those constitutional principles. (*People v. Allen, supra,* 21 Cal.4th at p. 435.)

In the present case the trial court did not attempt to comply with the *Sumstine, supra,* 36 Cal.3d 909 procedure. The defendant made no allegations and produced no evidence at the trial on the proof of the priors under section 1025. It was the trial court, on its own motion that decided *Boykin-Tahl* waivers were an element of proof of priors under section 1025. It is plain from the record the trial court made no effort to comply with the *Sumstine/Allen* procedure. Accordingly, the prosecution was never put on notice of any "challenge" to the prior conviction. The defendant was never required to make any allegations of deprivation of the *Boykin-Tahl* rights nor to meet his burden of producing evidence on the issue.

The record in this case clearly demonstrates the trial court misunderstood the proof requirements for determining the truth of prior convictions, or confused the *Sumstine/Allen* procedure for invalidation of the prior with the requirements of a trial under section 1025. The differences are not merely "procedural." The prosecution was entitled to rely on the proof requirements of section 1025 in presenting its case. One would not ordinarily expect a prosecutor to introduce proof of *Boykin* waivers by a represented defendant in the United States District Court simply to prove that the defendant suffered such prior conviction. It would only be necessary to prove the validity of such waiver when the constitutional basis of the conviction is challenged. Thus, the prosecutor was understandably unprepared to meet a challenge which was never properly raised.

The People have suggested they are not seeking a retrial since they believe they fully proved the prior conviction. Our review of the record certainly shows that the unchallenged proof demonstrates Walker did suffer the conviction and that it qualifies as a serious felony in California. That said, we believe it is not the role of this court to make factual findings. We will instead remand the case to the trial court with directions to rehear the trial on the prior conviction in accordance with the principles set forth in this opinion. After the court properly determines the question of the truth of the prior conviction it will again have to address its sentencing options. We assume the trial court will properly follow the law on remand.

### DISPOSITION

The sentence is vacated as is the trial court's finding the federal bank robbery conviction is "not true." The case is remanded to the trial court with directions to conduct a new trial on the truth of the prior conviction in accordance with section 1025 and the views expressed in this opinion and to

take such further action as may be appropriate. In all other respects the judgment is affirmed.

Kremer, P. J., and Benke, J., concurred.

A petition for a rehearing was denied June 8, 2001, and the petition of both respondent and appellant for review by the Supreme Court was denied August 29, 2001.