[No. E048651. Fourth Dist., Div. Two. Apr. 6, 2010.]

THE PEOPLE, Plaintiff and Appellant, v.
CHRISTOPHER JAMES CANTU, Defendant and Respondent.

## COUNSEL

Rod Pacheco, District Attorney, and Kelli Catlett, Deputy District Attorney, for Plaintiff and Appellant.

Amanda F. Benedict, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**McKINSTER, Acting P. J.**—The People appeal from a judgment claiming that the court erred in enforcing a plea agreement that they had entered into, but from which they withdrew before defendant Christopher James Cantu pled guilty in open court. We find the court erred in enforcing the plea bargain and reverse the judgment.

### FACTS[1]

The facts are irrelevant to the issue on appeal; consequently, we state them in abbreviated fashion.

---

[1] Defendant entered his plea before preliminary hearing. We rely on the police report's recitation of facts.

Defendant and the victim were in a dating relationship. On Sunday, April 19, 2009, defendant was drinking and in an irritable mood. He apparently believed that the victim was looking at another male while they attended a poolside picnic at her apartment complex. She returned to her apartment to avoid a conflict. Shortly thereafter, defendant went to the victim's apartment where he accused the victim of cheating on him. Defendant began punching her in the arms and then in the mouth causing it to bleed.

## PROCEDURAL FACTS

A felony complaint charged defendant with one count of infliction of corporal punishment upon a cohabitant pursuant to Penal Code section 273.5, subdivision (a).[2] The complaint further alleged that defendant had been convicted of a strike prior (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)) and had served three prior prison terms (§ 667.5, subd. (b)).

At defendant's arraignment, the case was set for a settlement conference and for preliminary hearing two days later.

At the settlement conference the deputy district attorney (deputy) conveyed an offer which was rejected. Defendant made a counteroffer which the deputy accepted. The offer, among other things, provided for a prison term of three years eight months on a plea to a new count 2 alleging a violation of section 236.

A plea bargain form setting forth the agreement was signed by defendant, his attorney and the deputy. That plea form was submitted to the court. During a break in the proceedings and before defendant entered any plea, the deputy contacted the victim. During the conversation with her, he received new information that the victim had lost two upper teeth and had cracked lower teeth. She had medical bills in excess of $4,000, and she was not in accord with the plea agreement.

The deputy then contacted his supervisor to discuss the case. The supervisor decided that the People would not go forward with the negotiated agreement. The People wanted a longer prison sentence.

Thereafter, the deputy met with defendant's attorney and the judge in chambers to inform them that the People were withdrawing from the plea bargain. The court set the matter over one week so that the parties could brief the issue of the "validity of that offer and acceptance."

---

[2] All further statutory references are to this code.

At the next court appearance, the parties argued their respective positions regarding the People's written motion to revoke the plea agreement.[3] The court denied the People's motion stating in part that ". . . it sort of boils down to, you know, a person's word is his bond."

After the People's motion was denied, the court then conducted a thorough canvass of defendant regarding the plea form that he had executed, including the advisement of constitutional rights and waiver. Defendant then entered his plea of guilty with the consent of his attorney. The deputy specifically stated for the record that he was not consenting to the plea. The court then sentenced defendant in accordance with the repudiated plea agreement.

The People filed a timely notice of appeal pursuant to section 1238, subdivision (a)(10).

## DISCUSSION

Judicial approval is an essential condition precedent to any plea bargain. A plea bargain is ineffective unless and until it is approved by the court. (*In re Alvernaz* (1992) 2 Cal.4th 924, 941 [8 Cal.Rptr.2d 713, 830 P.2d 747].) Here the deputy withdrew his consent to the plea bargain before defendant entered his plea and the court could approve it. Therefore, the plea agreement never became effective.

California case law is very clear. The seminal case is *People v. Rhoden* (1999) 75 Cal.App.4th 1346 [89 Cal.Rptr.2d 819] (*Rhoden*). The court there reviewed the majority and minority views of other jurisdictions and ". . . adopt[ed] the majority view that a prosecutor may withdraw from a plea bargain before a defendant pleads guilty or otherwise detrimentally relies on that bargain." (*Id.* at p. 1354.)

The critical point of no return for enforcement of a plea bargain is the entry of plea or detrimental reliance. Here the deputy communicated that he was withdrawing the People's consent to the plea bargain *before* the plea was entered in open court and over his express objection. A binding plea bargain subject to specific enforcement against the People was never formed because the deputy did not consent to it at the time the court accepted and consented to defendant's plea. (§ 1192.5.) Subsequent cases have followed the rule established in *Rhoden*. (*People v. McClaurin* (2006) 137 Cal.App.4th 241, 248 [39 Cal.Rptr.3d 887]; *In re Kenneth H.* (2000) 80 Cal.App.4th 143, 148 [95 Cal.Rptr.2d 5].)

---

[3] Defendant had also filed a competing motion to specifically enforce the plea agreement.

On appeal defendant does not contend that he detrimentally relied on the plea bargain, and our review of the record does not show a factual basis for any detrimental reliance.[4] The record does not show that defendant altered his position in any way in reliance on the plea agreement. (*People v. McClaurin, supra*, 137 Cal.App.4th at pp. 248–249; *Rhoden, supra*, 75 Cal.App.4th at p. 1355.) The court therefore erred in enforcing the signed plea agreement since the deputy withdrew consent to the agreement before the entry of plea.

Defendant contends however that fundamental fairness and fair play compel enforcement of the agreement, citing *Butler v. State* (Fla.Dist.Ct.App. 1969) 228 So.2d 421, 424 (*Butler*), and *U.S. v. Goldfaden* (5th Cir. 1992) 959 F.2d 1324, 1328 (*Goldfaden*). Defendant's reliance is misplaced. Both cases are factually distinguishable.

In *Goldfaden* the defendant entered into a plea bargain and pled guilty *with* the consent of the prosecutor, unlike the present case. Thereafter, the prosecutor reneged on one of the terms of the plea agreement. The court there correctly enforced the agreement because the defendant, his counsel and the prosecutor all consented to the plea bargain and entry of plea.

*Butler* did not involve a plea bargain at all. There the defendant and the prosecutor agreed that the defendant would submit to a polygraph examination prior to trial. If the defendant passed, the prosecutor would drop the capital rape charge and, if he did not, the prosecutor could admit the results to the jury as evidence. The defendant passed the polygraph examination, and the prosecutor dismissed the case but later refiled it. The defendant was subsequently convicted by jury. The court there reversed the judgment and enforced the agreement not to prosecute. The court held that the agreement not to prosecute should be enforced because the state made a " 'pledge of public faith' " that could not be repudiated. (*Butler, supra*, 228 So.2d at p. 424.) *Butler* involves a fully executed pretrial agreement whereas the present case does not. Under *Rhoden* and the subsequent cases following it, there is no plea agreement enforceable against the People until a plea is entered with the consent of the People and the court (§ 1192.5; *People v. Orin* (1975) 13 Cal.3d 937, 942 [120 Cal.Rptr. 65, 533 P.2d 193]).

---

[4] Counsel for defendant stated at the hearing on the motions that defendant was on parole. The plea agreement only encompasses the instant case. It did not propose to resolve any parole violation in defendant's other case along with the plea in the instant case; consequently, there could be no detrimental reliance with regard to the case in which he was on parole. Also, the failed plea bargain could not be used in any way against defendant in any parole revocation proceedings as counsel for defendant argued at the hearing on the motions in making a perfunctory claim of detrimental reliance. (§§ 1192.4, 1192.5.) Partial performance may demonstrate detrimental reliance (*In re Kenneth H., supra*, 80 Cal.App.4th at p. 149), but here there was no partial performance.

The two cases cited by defendant are simply not on point, and even if they were, we would not be bound by either an out-of-state case or a federal circuit court case. (*People v. Williams* (1997) 16 Cal.4th 153, 190 [66 Cal.Rptr.2d 123, 940 P.2d 710].) No California case has carved out a vague "fundamental fairness" or "fair play" exception to the rule in *Rhoden* as defendant encourages us to do. We decline to do so.

## DISPOSITION

The judgment is reversed.

Richli, J., and Miller, J., concurred.