[No. B240880. Second Dist., Div. Six. Mar. 20, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTURO DELGADO, Defendant and Appellant.

916 .

■■■■■■■■

■■■■■■■■

■■■■■■■■

## Counsel

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and Cynthia Ellington, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GILBERT, P. J.**—The recently enacted Realignment Act (Act) (Pen. Code, § 1170, subd. (h))[1] provides that certain adult felons receive commitments to county jail instead of state prison. The Act excludes felons who have prior serious or violent felony convictions. It appears to exempt from this exclusion felonies that stem from juvenile adjudications. In this respect, the Act conflicts with the "Three Strikes" law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), which the Legislature can amend only by a supermajority vote (§ 667, subd. (j)). We therefore hold that felons whose records include juvenile adjudications that involve serious or violent felonies may not receive county jail commitments under the Act.

Arturo Delgado appeals a judgment after conviction upon guilty plea of resisting an executive officer. (§ 69.) He admitted two prior serious or violent strikes, both of which were juvenile adjudications. (§§ 1170.12, subds. (a), (b)(1) & (3), 667, subds. (c), (d)(1) & (3).) We order a correction to the abstract of judgment regarding presentence custody credit and otherwise affirm.

[1] All statutory references are to the Penal Code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

Delgado was first declared a ward of the court when he was 10 years old. He threatened to have his gang friends shoot another student. His juvenile record is lengthy. In 2008, when he was 17 years old, he committed a robbery. While awaiting trial on that charge, he committed arson by setting his room at juvenile hall on fire. He was committed to the Division of Juvenile Justice (DJJ).

Delgado hit a youth correctional counselor at the DJJ about five months after he turned 18. The blow left a three-inch cut near the officer's temple. Delgado was charged with felony battery with injury on a peace officer and felony resisting an executive officer. (§§ 243, subd. (c)(2), 69.) He pled guilty to felony resisting arrest. The battery charge was dismissed.

The trial court struck Delgado's arson strike and imposed a three-year (upper term) sentence, doubled to six years for the robbery strike. Delgado was 20 years old at the time of sentencing.

The trial court denied Delgado's request to serve his commitment in jail under the Act. It reasoned that the Act could not exclude offenders with prior juvenile strikes from prison without amending the Three Strikes law by a supermajority. The court also found that Delgado was not a "low level offender" as contemplated by the Act. The court denied presentence credits for the days from transfer to jail from the DJJ.

## DISCUSSION

### *Commitment to Jail or Prison*

The Three Strikes law is an initiative statute. It requires that, for felons with serious or violent felonies, "[t]here shall not be a commitment to any other facility other than the state prison" (§ 667, subd. (c)(4)), and "[a] prior juvenile adjudication shall constitute a prior . . . felony conviction for purposes of sentence enhancement . . . ." (*Id.*, subd. (d)(3).)[2]

An initiative statute may not be amended without voter approval unless the initiative statute explicitly provides otherwise. (Cal. Const., art. II,

---

[2] The juvenile adjudication must meet certain criteria, which were met here. (§ 667, subd. (d)(3).)

§ 10, subd. (c).)[3] The Three Strikes law provides for amendment, but only by supermajority legislation, in other words, by statute passed in each house with two-thirds of the membership concurring. (See § 667, subd. (j); Prop. 184, Gen. Elec. (Nov. 8, 1994) § 4.)

■ The Legislature passed the Act without voter approval or a two-thirds supermajority vote. It requires that most felons be committed to county jail. Like the Three Strikes law, it excludes from its provisions felons who have prior convictions for serious or violent felonies.[4] The Act is silent, however, about prior juvenile adjudications. (§ 1170, subd. (h).)

■ The Act may reasonably be interpreted to exclude from a prison sentence those felons whose prior strikes were the result of juvenile adjudications. The final version of the Act omitted an earlier provision explicitly requiring such offenders to be housed in prison. (Sen. Amend. to Assem. Bill No. 1X 17 (2011–2012 1st Ex. Sess.) Sept. 2, 2011; Sen. Amend. to Assem. Bill No. 1X 17 (2011–2012 1st Ex. Sess.) Sept. 7, 2011.) ■ When the Legislature chooses to omit a provision from the final version of a statute which was included in an earlier version, this is strong evidence that the act as adopted should not be construed to incorporate the original provision. (*Central Delta Water Agency v. State Water Resources Control Bd.* (1993) 17 Cal.App.4th 621, 634 [21 Cal.Rptr.2d 453].)

But whatever the Legislature's intention when it adopted the Act, it had no power to amend the Three Strikes law without voter approval or a two-thirds vote of the Legislature. (Cal. Const., art. II, § 10; Pen. Code § 667, subd. (j); see, e.g., *People v. Kelly* (2010) 47 Cal.4th 1008, 1042 [103 Cal.Rptr.3d 733, 222 P.3d 186] [under Cal. Const., art. II, § 10, the Legislature did not have power to amend the Compassionate Use Act of 1996 (Health & Saf. Code, § 11362.5) with the Medical Marijuana Program (Health & Saf. Code, § 11362.77)].)

■ Delgado argues that the Act is not subject to the supermajority restriction expressed in section 667, subdivision (j), because realignment relates to housing, not determination of a sentence. But the intent of section 667, subdivisions (c)(4) and (d)(3), part of the Three Strikes law, is to exclude felons with juvenile strikes from jail. Courts have a duty to " ' " 'jealously guard' " ' " the people's initiative power, applying liberal construction to it wherever it is challenged. (*People v. Kelly, supra,* 47 Cal.4th

---

[3] "The Legislature . . . may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval." (Cal. Const. art. II, § 10, subd. (c).)

[4] Both the Act and the Three Strikes law define "serious" felonies as those listed in section 1192.7, subdivision (c) and "violent" felonies as those listed in section 667.5, subdivision (c).

at p. 1025.) The Act does not permit felons with prior juvenile strike convictions to be housed in any facility other than state prison. Where justice requires housing such an offender in county jail, the trial court retains discretion to strike prior juvenile adjudications. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504 [53 Cal.Rptr.2d 789, 917 P.2d 628].)

### Presentence Custody Credit

Delgado's time in the Ventura County Jail is solely attributable to the offense for which he was convicted here. (§ 2900.5, subd. (b).) His overlapping commitment to DJJ was for a nonpunitive purpose. (*In re Aline D.* (1975) 14 Cal.3d 557, 567 [121 Cal.Rptr. 816, 536 P.2d 65]; *In re Charles C.* (1991) 232 Cal.App.3d 952, 960 [284 Cal.Rptr. 4].) He is therefore entitled to 378 days of presentence credit, consisting of 252 actual days and 126 days of conduct credit. Respondent concedes.

### Discretion to Impose High Term Sentence

The trial court did not abuse its discretion when it imposed the upper term. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 [14 Cal.Rptr.3d 880, 92 P.3d 369] [review for abuse of discretion].) Delgado contends that the current conviction is not the type of crime for which six years is appropriate, that the court did not consider his background of untreated mental illness, and that a lengthy prison term will preclude his rehabilitation.

■ Six years is the authorized sentence if aggravating factors outweigh those in mitigation. (*People v. Scott* (1994) 9 Cal.4th 331, 355 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) The trial court did not abuse its discretion when it determined that aggravating factors predominate. Delgado's offense was violent. He injured a correctional officer. He did not take responsibility for his conduct in the probation presentence interview. His prior criminal history included sustained juvenile petitions for criminal threats, robbery, gang enhancements, drug possession and sales, assault, battery and arson. He also had an adult conviction for bringing drugs into DJJ. He had at least four major "write-ups" in jail from the time he was transferred from DJJ for this case until the time he was sentenced. We assume the court reviewed Delgado's mental health history as reported in the probation report, including his diagnosis at age 10 or 11 with attention-deficit hyperactivity disorder, and at age 14 with depression, and that he stopped taking prescribed Adderall and Zoloft in 2001. The court also considered Delgado's difficult childhood. There were no other mitigating factors. We will not reweigh the valid factors that bore upon the decision below. (*People v. Scott, supra,* 9 Cal.4th at p. 355.)

## DISPOSITION

We order the trial court to amend the abstract of judgment to reflect 378 days of presentence credit and forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

Yegan, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 19, 2013, S210273.