Filed 10/2/14  P. v. Joaquin CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO D. JOAQUIN,<br><br>        Defendant and Appellant. | A139543<br><br>(Mendocino County Super. Ct. No. MCUKCR1270703) |

The trial court desired to permit appellant to serve his sentence in local custody rather than in state prison, believing that doing so was consistent with the purpose of the Criminal Justice and Realignment Act (Pen. Code, § 1170, subd. (h) (the Realignment Act)).[1]  Acknowledging that such a ruling was inconsistent with the recent opinion in *People v. Delgado* (2013) 214 Cal.App.4th 914 (*Delgado*), the court initially ordered appellant to be confined in local custody rather than state prison because it believed this served the interests of justice and *Delgado* was wrongly decided.  Several weeks later, after the California Supreme Court denied a petition for review in *Delgado*, the court recalled the sentence and ordered appellant to serve his sentence in state prison, reluctantly adopting the conclusion of the *Delgado* court.

Appellant claims that *Delgado* was wrongly decided and the trial court's initial ruling was correct, and that recalling his sentence and resentencing him to state prison was an abuse of discretion because denial of the petition for review in *Delgado* was "not

_____

[1] All subsequent statutory references are to the Penal Code.

1

an expression of opinion of the Supreme Court on the merits of the case." (*Camper v. Workers' Compensation Appeals Bd.* (1992) 3 Cal.4th 679, 689, fn. 8.)

## BACKGROUND

Appellant, Fernando D. Joaquin, who was 18 years of age at the time, was charged by the Mendocino County District Attorney with robbery (Pen. Code, § 211), a serious felony within the meaning of section 1192.7, subdivision (c). The information also alleged appellant had suffered prior juvenile adjudications for preventing report of a crime (§ 136.1, subd. (b)(1)), and assault with a deadly weapon (§ 245, subd. (a)(1)), both of which are "serious" felonies within the meaning of sections 667 and 1170.12. Under the Three Strikes law, a person convicted of a felony with such a prior juvenile adjudication must be sentenced to state prison. (§ 667, subd. (c)(4).)

The robbery charge was on March 30, 2013, amended to grand theft from a person on the basis of a negotiated plea. (§ 487, subd. (c).) Appellant pled guilty to the amended charge and admitted the prior strike for a stipulated 16-month low-term sentence doubled to 32 months. Prior to sentencing, defense counsel contended in her Sentencing Memorandum that "the stipulated prison commitment, housing [appellant] at our local county jail 'prison' does not contradict the mandates of the Three Strike initiatives treatment of felons with juvenile strike adjudications."

The trial court initially agreed. At the sentencing hearing on May 17, 2013, the court ordered confinement in the Mendocino County jail. On June 26, 2013, roughly one month later, the trial court recalled the sentence (§ 1170, subd. (d)) based on the decision of the California Supreme Court to deny the petition for review in *Delgado, supra,* 214 Cal.App.4th 914.

The issue before us here is simply whether, as appellant claims, *Delgado* was incorrectly decided.

As the underlying facts pertinent to appellant's offense are not relevant to this legal issue, we deem it appropriate to simply reiterate the People's concise summarization: "appellant stole a 15-year-old girl's cell phone. Appellant's cousin beat the girl, and appellant video-recorded the assault on the stolen phone."

## DISCUSSION

### I.

### *The Relationship Between the Realignment Act and the Three Strikes Law*

Under the Three Strikes law, which was enacted by the voters in 1994 as Proposition 184, felons previously convicted of serious or violent felonies "shall not be committed to any other facility other than state prison" (§ 667, subd. (c)(4)), and "[a] prior juvenile adjudication shall constitute a prior . . . felony conviction for purposes of sentence enhancement . . . ." (*Id.*, subd. (d)(3).) The juvenile adjudication must meet the criteria specified in section 667, subdivision (d)(3)(A), one of which is that, as here, "[t]he juvenile was 16 years of age or older at the time he or she committed the prior offense."

Because the Three Strikes law was enacted by initiative, it may not be amended without voter approval unless the initiative statute explicitly provides otherwise. (Cal. Const., art. II., § 10, subd. (c).) As noted by the *Delgado* court, "[t]he Three Strikes law provides for amendment, but only by supermajority legislation, in other words, by statute passed in each house with two-thirds of the membership concurring." (*Delgado, supra*, 214 Cal.App.4th at p. 918, citing § 667, subd. (j); Prop. 184. Gen. Elec. (Nov. 8, 1994) § 4.) The Legislature passed the Realignment Act without voter approval or a two-thirds supermajority vote. The Realignment Act "requires that most felons be committed to county jail," and, like the Three Strikes law, "excludes from its provisions felons who have prior convictions for serious or violent felonies." The Realignment Act "is silent, however, about prior juvenile adjudications." (*Delgado*, at p. 918.)

### II.

### *The Analysis in People v. Delgado*

The *Delgado* court acknowledged that the Realignment Act "may reasonably be interpreted to exclude from a prison sentence those felons whose prior strikes were the result of juvenile adjudications. The final version of the Act omitted an earlier provision explicitly requiring such offenders to be housed in prison. [Citation.] When the Legislature chooses to omit a provision from the final version of a statute which was

3

included in an earlier version, this is strong evidence that the Act as adopted should not be construed to incorporate the original provision. [Citation.]" (*Delgado, supra,* 214 Cal.App.4th at p. 918.) Nevertheless, the court concluded that "whatever the Legislature's intention when it adopted the Act, *it had no power to amend the Three Strikes law without voter approval or a two-thirds vote of the Legislature.* [Citations.]" (*Ibid*., italics added.)

The court rejected Delgado's argument that the Realignment Act is not subject to the supermajority restriction "because realignment relates to housing, not determination of a sentence," on the ground that one of the unmistakable purposes of the Three Strikes initiative was "to exclude felons with juvenile strikes from jail," and "[c]ourts have a duty to ' " ' "jealously guard" ' " ' the people's initiative power, applying liberal construction to it wherever it is challenged. [Citation.] The Act does not permit felons with prior juvenile strike convictions to be housed in any facility other than a state prison." (*Delgado, supra,* 214 Cal.App.4th at pp. 918-919.) Moreover, the court pointed out, "[w]here justice requires housing such an offender in county jail, the trial court retains discretion to strike prior juvenile adjudications. [Citation.]" (*Id*. at p. 919.)

### III.

### *The Trial Court's Reaction to Delgado*

At the initial sentencing hearing on May 17, defense counsel vigorously argued that appellant should not be sentenced to state prison. Noting that the stipulated sentence was designed "to avoid another strike," counsel emphasized that appellant is "essentially being punished for conduct he committed as a child." "I think sentencing him to state prison will subject him to victimization. He's 5'4", barely 18 and [prison] will subject him to violence. He will likely return to the community, you know, in a much more damaged state. . . . I think the Legislature's intent was not to house—or not to penalize juvenile—people with juvenile adjudications, to actually put them in state prison. I don't think the Three Strikes law contemplated realignment and the assertion that the sentence shall be served in state prison."

4

The trial court agreed. Indicating that the relevant case law relating to the distinction between a conviction and a juvenile adjudication was unsettled, and that at the time the Realignment Act was passed "our county jails were designated as prison facilities for certain offenses, in fact, most offenses," the trial judge stated that she did not believe "that the distinction between a juvenile adjudication and a juvenile conviction in the area of strikes was properly considered in the *Delgado* case."

The court also felt that appellant's "participation in this offense was far less in my view than that of his sister who was the aggressor in the theft from the person. And the surrounding sort of threatening behavior that went with that offense. He's 18 years old. Housing him in state prison, I think, would be against not only the public interest but certainly Mr. Joaquin's interest. And I believe that because the Legislature has designated our county jails to be prison facilities for purpose of prior prison terms, credits and so forth, that I have the ability under 1170(h) to sentence him to serve his prison sentence in prison at our local facility." In making this determination, the court explicitly recognized that "the People will probably take it up and we'll see what the Court of Appeal says."

About five weeks later, the court issued an order recalling the sentence pursuant to section 1170, subdivision (d), stating that it "intends to re-visit whether sentence can be imposed pursuant to [section] 1170, [subdivision] (h) in light of the Supreme Court's denial on June 19, 2013 of the petition for review in [*Delgado*]."

At the commencement of the rehearing, the public defender expressed the belief that "it has to be a prison commitment," and submitted the issue on the basis of the understanding that the sentence would be that prescribed by the plea agreement—i.e., "16 months doubled"—with a recalculation of credits for time served and recalculated credits. The court agreed, stating that "I thought the Supreme Court might take a different view [than the *Delgado* court], but once I saw they denied review [in that case], then I felt [it] incumbent under [section] 1170, [subdivision] (d) [to require that appellant serve his sentence in state prison]." The court awarded appellant 212 days of credit for work performance and good behavior time credit (§ 4019), which when doubled resulted in 424

days of credit.  The court advised appellant that as a result of his total credits he would have to spend "a few months" in San Quentin State prison.

**IV.**

***The Trial Court Did not Err in Following Delgado***

Appellant's present challenge to *Delgado* could be ignored due to his failure to raise it below; indeed, defense counsel appears to have implicitly conceded in the trial court that denial of the petition for review in *Delgado* was the expression of an opinion of the Supreme Court and therefore binding on the trial court.  That is clearly not the case, however.  (*Trope v. Katz* (1995) 11 Cal.4th 274, 287, fn. 1 ["refusal to grant a hearing in a particular case is to be given no weight insofar as it might be deemed that we have acquiesced in the law as enunciated in a published opinion of a Court of Appeal"].)  As *Delgado* is not binding on us, and the issue it addresses is important, we believe it appropriate to consider appellant's present legal arguments and determine for ourselves the correctness of the *Delgado* court's reasoning.

Preliminarily, we agree with appellant, and it is undisputed, that the Realignment Act was aimed at significantly reducing the size of our prison population in order to ameliorate the fact that the number of inmates so far exceeds the capacity of our prison system as to deny inmates medical and mental health care, resulting in the infliction of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  (*Brown v. Plata* (2011) ___ U.S. ___ [131 S.Ct. 1910].)  So too do we agree with appellant, and the *Delgado* court, that due to the omission in the final version of the Realignment Act of an earlier provision expressly requiring felons whose prior strikes were the result of a juvenile adjudications to be housed in state prison, the Act may reasonably be interpreted to exclude such felons from a prison sentence.  (*Delgado, supra*, 214 Cal.App.4th at p. 918.)

But this is beside the point.  The issue in this case, as in *Delgado*, is not the purpose of the Realignment Act but the constitutional power of the Legislature to amend the Three Strikes law by less than a supermajority.

6

Appellant argues that the Realignment Act does not amend section 677, the initiative version of the Three Strikes law, but rather section 1170.12, the legislative version of that law, which he asserts is not subject to the provision of section 667 prohibiting amendment except by rollcall vote of two-thirds of the members of the Legislature or a statute that becomes effective only when approved by a vote of the people. (§ 667, subd. (j.)) But the language of subdivision (g) of section 1170.12 is identical to that of section 667, subdivision (j).[2] As *Delgado* said, the Realignment Act did not satisfy the requirements for amending the Three Strikes law.

Additionally, the inference appellant draws from the Realignment Act's omission of a requirement for housing felons with juvenile adjudications of serious and/or violent felonies in state prison, while reasonable, is hardly the only one possible. The inference most easily drawn from this is that the drafters of the Realignment Act were unwilling to deal with the fact that the *purpose* of the Realignment Act conflicted with that of the Three Strikes law, and wanted to obscure the problem or leave it for the courts to resolve. In any case, the silence of the Realignment Act as to whether felons with prior juvenile adjudications of serious felonies may be placed in county jail cannot be a basis upon which to judicially *exempt* them from the prohibition mandated by the Three Strikes law, because that would offend the rule that statutes be construed " ' "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' " (*In re Marriage of Harris* (2004) 34 Cal.4th 210, 222, quoting *People v. Pieters* (1991) 52 Cal.3d 894, 899.) It is true, as appellant says, that ambiguities in penal statutes are ordinarily to be construed "as favorably to the defendant as its language and the circumstances of its application may reasonably permit" (*Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631), but that rule of statutory construction cannot be applied where, as here, it would not only create disharmony within the State's

---

[2] Subdivision (g) was added to section 1170.12 by amendment in 2012. (Prop. 36, § 4, eff. Nov. 7, 2012.)

7

sentencing scheme, but also undermine the initiative power conferred upon the People by our Constitution.

Finally, though *Delgado* concludes that the Realignment Act "does not permit felons with prior juvenile strike convictions to be housed in any facility other than state prison," it concomitantly points out that "[w]here justice requires housing such an offender in county jail, the trial court retains discretion to strike prior juvenile adjudications."[3] (*Delgado, supra*, 214 Cal.App.4th at p. 919, citing *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504.) A leading treatise on the Realignment Act agrees that "whether a defendant with a juvenile strike must be sentenced to prison or county jail will depend on the court's handling of the strike. If the court *does not* dismiss the strike under section 1385, the defendant must be sentenced to state prison for the computed term, not because of the realignment exclusion, but because of the requirements of the Three Strikes law." (Couzens & Bigelow, Felony Sentencing After Realignment (Barrister Press, 2014 ed.) § H:1(c), at p. 31.)[4]

At the time of sentencing in this case *Delgado* was, and remains, precedent binding upon the trial court. We reject the claim that *Delgado* was incorrectly decided. Accordingly, the state prison sentence imposed by the court does not constitute an abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

---

[3] Given the expressed view of the trial court that justice would not be achieved in this case by sentencing appellant to state prison, it is apparent that appellant's failure to move to dismiss the prior juvenile adjudication was due to the plea agreement, which enabled him to avoid a second "strike" by reducing the robbery charge to grand theft from a person.

[4] http://www.courts.ca.gov/partners/documents/felony_sentencing.pdf

_____
Kline, P.J.


We concur:


_____
Richman, J.


_____
Stewart, J.