Filed 1/20/15  P. v. Nidez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DANNY NIDEZ,<br><br>　　　Defendant and Appellant. | B255591<br><br>(Los Angeles County<br>Super. Ct. No. KA033261) |

THE COURT*

　　　Defendant Danny Nidez appeals from the denial of a postjudgment motion for resentencing and/or modification of sentence and for the preparation of a new probation officer's report.  Defendant was convicted in 1997 of second degree robbery and attempted second degree robbery.  (Pen. Code, §§ 211, 664.)[1]  Defendant admitted two serious or violent prior felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)), and a prior felony conviction for which he served a prison term (§ 667.5, subd. (b)).  He was sentenced to two consecutive terms of 25 years to life in prison and a five-year term pursuant to section 667,

---

*　　BOREN, P.J.　　　ASHMANN-GERST, J.　　　HOFFSTADT, J.

[1]　　All further references to statutes are to the Penal Code unless stated otherwise.

subdivision (a). His convictions were affirmed on appeal in an unpublished opinion from this court, case No. B109740, filed December 30, 1997. The matter was remanded, however, to allow the trial court an opportunity to exercise its discretion whether to strike one or both prior convictions as to one count only.

On August 4, 1998, the trial court heard argument on the issue of whether it should exercise its discretion as to one of the counts but not the other. The court stated it did not believe section 1385 discretion was warranted in defendant's case and referred to the nature of the charges, which involved threats of violence in two separate incidents, and defendant's prior convictions, which were serious and recent. The court invited defense counsel to petition for a reconsideration if and when the California Supreme Court handed down further rulings on the issue of a court's discretion to impose a three strikes sentence in fewer than all of the counts. The court made it clear that it chose not to conduct a resentencing hearing or resentence defendant, although it found it had discretion under section 1385 to resentence.

On February 3, 2014, defendant filed a motion for resentencing and for a new probation report. On February 18, 2014, the court considered and denied defendant's request on the ground that the sentencing court had declined to resentence on the remittitur on August 4, 1998. Defendant's current appeal is from the February 2014 order.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues. On September 10, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On October 1, 2014, defendant filed a letter arguing that a sentence of 55 years to life was harsh and did not fit his crime. He reiterated his defense at trial that the money was given to him rather than taken by force or fear, and when he returned to ask for more money, he received none. He admitted to threatening the victim, but it was not robbery.

2

The record shows that when this court remanded the matter to the trial court to give it an opportunity to exercise its discretion, we stated that, "resentencing *may* result." (Italics added.) We expressed no opinion as to whether the court should exercise its discretion to strike any of the prior convictions, or whether defendant was entitled to leniency. *People v. Rodriguez* (1998) 17 Cal.4th 253 states that "a reviewing court has the power, when a trial court has made a mistake in sentencing, to remand with directions that do not inevitably require all of the procedural steps involved in arraignment for judgment and sentencing. . . . [I]t appears we may properly remand to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor without necessarily requiring resentencing unless the court does act favorably." (*Id*. at p. 258.)

Here, the trial court chose not to alter its sentence because it believed the original sentence was appropriate based on defendant's current offenses and criminal record. The court was so entitled. There is a legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the Three Strikes law. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 337–338 [noting that the Three Strikes law establishes a sentencing requirement that must be applied unless the court concludes that the defendant falls outside the spirit of the law].) Therefore, no resentencing hearing was required, and there was no need for a new probation report

Although defendant's sentence is harsh, it is authorized by the Three Strikes law. When, as in the instant case, "a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.) Defendant's challenge to the verdicts in his case is nothing more than an attempt to have this court reevaluate and reweigh the evidence, which we will not do. A jury disbelieved defendant's defense and convicted him on the robbery and attempted robbery counts, and this court affirmed the convictions on appeal. The California Supreme Court denied defendant's petition for review in case

No. S067825, decided March 11, 1998.  We also decline to reweigh the valid factors considered by the court in deciding whether to exercise its discretion and conduct a resentencing hearing.  (See *People v. Delgado* (2013) 214 Cal.App.4th 914, 919.)  We conclude there was no abuse of discretion.  (*People v. Rodrigues*, *supra*, 8 Cal.4th at pp. 1124-1125.)

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order under review is affirmed.