Filed 6/25/15  P. v. Hernandez CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

CARLOS JORGE HERNANDEZ,

    Defendant and Appellant.

E060903

(Super.Ct.No. INF1102920)

OPINION

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Kristine Gutierrez and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Carlos Jorge Hernandez appeals from his judgment of conviction by guilty plea, contending the trial court erred by denying his motions to continue trial. According to defendant, his attorney did not fully prepare for trial based on the belief that a plea bargain was imminent and, therefore, the denial of his continuance motions on the date of trial violated his rights to due process and to the effective assistance of counsel. Defendant also argues the trial court abused its discretion during sentencing by imposing an upper term sentence on his robbery conviction and by not striking the personal use of a firearm allegation and/or the gang enhancement. Finally, defendant contends the trial court erred by imposing a five-year strike enhancement and a one-year prison prior enhancement that arose from the same prior offense.

We conclude defendant's challenges to the denial of his continuance motions are not cognizable on appeal from a guilty plea, and that framing the issues in the guise of constitutional challenges does not make them cognizable. Even if defendant's due process challenge is cognizable, we conclude it fails on the merits because the People did not actually make a plea offer and defendant did not detrimentally rely on one. With respect to defendant's claim of sentencing error, we find the trial court did not abuse its discretion by imposing an upper term sentence for defendant's robbery conviction and by not striking one or both of the related sentence enhancements. However, the People concede, and we agree, that the trial court erred by imposing both a five-year strike enhancement and a one-year prison prior enhancement that arose from the same prior offense, so we order the one-year enhancement to be stricken. Therefore, we affirm the judgment as modified.

I.

FACTS[1]

At approximately 1:40 a.m., on December 23, 2011, Jonathan Romero left his friend's home in Indio and started to walk home. As he walked, Romero heard someone whistle and yell, "Hey." Romero turned around and saw between six and eight people behind him. He ignored the group and continued to walk home. Two men then approached Romero. One of the men asked Romero for his cell phone and, when Romero refused, the man punched him in the face and grabbed his cell phone. The second man, who Romero recognized as defendant, pointed a revolver at Romero's head and said, "Give me everything you got." Defendant also hit Romero in the chin with the revolver, leaving a cut on Romero's cheek. Romero declined to be taken to the hospital by paramedics.

When defendant was arrested five days later, an investigator searched defendant's pants pockets and found a knotted-up sock containing 38 .22-caliber bullets. During a search of defendant's home, officers found a .22-caliber handgun in his bedroom closet.

An investigator opined that, on the date of the robbery and assault on Romero, defendant and his accomplice were active members of the Jackson Terrace street gang, and that they committed their crimes for the benefit of, at the direction of, or in association with the Jackson Terrace street gang.

---

[1] Because defendant pleaded guilty before trial, we derive the basic facts of the underlying crimes from the transcript of defendant's preliminary examination.

A magistrate judge held defendant over for trial.  In an amended information, the People charged defendant with robbery (Pen. Code,[2] § 211, count 1), assault with a firearm (§ 245, subd. (a)(2), count 2), street terrorism (§ 186.22, subd. (a), count 3), unlawful possession of a firearm (former § 12021, subd. (a)(1), count 4), and unlawful possession of ammunition (former § 12316, subd. (b)(1), count 5).  The People alleged defendant personally used a firearm during the commission of counts 1 and 2 (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8), 12022.53, subds. (b), (e)(1)), and that he committed counts 1 and 2 for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(B), (C)).  Finally, the People alleged that in 2009 defendant was sentenced to a gang enhancement under section 186.22, subdivision (b), which is a serious felony (§ 667, subd. (a)) and a serious and violent felony (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), and that in the same 2009 case defendant was convicted of assault (§ 245, subd. (a)(1)), and served a prison term (§ 667.5, subd. (b)).

On the day of trial, defense counsel indicated defendant wanted to plead guilty to the amended information and requested an indicated sentence.  The trial court declined to give an indicated sentence.  The following day, defendant pleaded guilty to all five counts, and admitted all enhancements and special allegations in the amended information.

---

[2]  Unless otherwise indicated, all additional statutory references are to the Penal Code.

Thereafter, the trial court sentenced defendant to the upper term of five years on count 1, doubled pursuant to the three strikes law, for a term of 10 years in state prison. The court deemed count 1 to be the principal term. For the enhancements alleged in relation to count 1, the court sentenced defendant to 10 years for the personal use of a firearm allegation and to 10 years for the gang enhancement, both to be served consecutively to the sentence on count 1. The trial court sentenced defendant to the middle term of three years for count 2, doubled pursuant to the three strikes law, but stayed the sentence pursuant to section 654. The court imposed a four-year sentence for the personal use enhancement and a five-year sentence for the gang allegation alleged in relation to count 2, but stayed both pursuant to section 654. For counts 3 through 5, the trial court sentenced defendant to the middle term of two years, doubled pursuant to the three strikes law, but stayed the sentences pursuant to section 654. Finally, the trial court sentenced defendant to five years for the serious felony prior, and to one year for the prison prior, for an aggregate sentence of 36 years in state prison.

Defendant obtained a certificate of probable cause from the superior court and timely filed a notice of appeal.

## II.

## DISCUSSION

A.    *Defendant's Challenges to the Denial of His Continuance Motions Are Not Cognizable on Appeal From a Guilty Plea, and His Due Process Claim Lacks Merit.*

Defendant argues his trial attorney detrimentally relied on the assurances of the People that a plea bargain was imminent and only minimally prepared for trial and, therefore, denial of his last motions to continue trial violated his due process rights. Defendant also argues that, because his attorney only minimally prepared for trial in anticipation of a plea deal, denial of a continuance to more fully prepare for trial denied him the effective assistance of counsel.

Because he pleaded guilty, defendant may only address certain limited issues on appeal, such as questions about the legality of the plea proceedings and the constitutional validity of his plea. Denial of defendant's continuance motions is not cognizable in this appeal, and defendant's tenuous Sixth Amendment argument does not bring his claim within the exception for challenges to guilty pleas that are entered as a result of ineffective assistance of counsel. Even if defendant's due process claim is cognizable, it fails on the merits. Defendant did not detrimentally rely on a plea offer, so he suffered no due process violation when the trial court denied his continuance motion.

### 1.    Additional Background.

On January 11, 2012, the superior court appointed counsel to represent defendant. Before the preliminary examination took place on February 17, 2012, the court granted one unopposed motion to continue from defendant and one stipulated motion to continue.

6

Over the next year and nine months, the trial court granted an additional 21 motions to continue filed by defendant and two more stipulated motions to continue. The People only opposed one of defendant's first 22 motions to continue.

The parties announced ready for trial on November 26, 2013, more than seven months after defendant was arraigned on the first amended information. Despite announcing ready for trial, on December 2, 2013, defendant's attorney once again moved to continue trial. The master calendar judge denied defendant's 23d motion to continue, and ordered the parties to appear for trial that same day. When he appeared in the trial department, defendant's attorney again moved to continue the trial, contending he had only performed a "minimal amount" of preparation for trial because his "goal was to settle the case," and that he needed additional time to conduct "further investigation and further preparation for trial." The People opposed any additional continuances, arguing almost two years had passed since the alleged crimes and that defense counsel "had adequate time to prepare for this trial." The trial judge noted the case had already been continued a total of 25 times, and that the master calendar judge had already denied defendant's motion earlier that day. Therefore, the trial judge found "insufficient cause" to continue the trial, and denied defendant's 24th motion to continue.

2.    Analysis.

""""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute."'" [Citations.]" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) As applicable here, a defendant has the right to appeal "[f]rom a final judgment of conviction except as provided in . . . Section 1237.5."

7

(§ 1237, subd. (a).) Section 1237.5 provides that a defendant may not appeal from a judgment of conviction that is based on a guilty plea or plea of nolo contendere, unless the defendant obtains from the superior court a certificate of probable cause "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5, subds. (a), (b); see also Cal. Rules of Court, rule 8.304(b).)

"[W]hen a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.] Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' [Citations.]" (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Issues relating to the constitutional validity of the plea proceedings and guilty plea that are cognizable on appeal include ineffective waiver of rights and the ineffective assistance of counsel. (*People v. Ribero* (1971) 4 Cal.3d 55, 63; *People v. Moore* (2003) 105 Cal.App.4th 94, 99.)

Our Supreme Court has held that alleged error in the denial of a continuance motion is "waived by the plea of guilty." (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8 (*Kaanehe*); accord, *People v. Lobaugh* (1987) 188 Cal.App.3d 780, 786.) "Other than search and seizure issues which are specifically made reviewable by section 1538.5, subdivision (m), all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings resulting in the plea. [Citation.] Any error in the refusal to postpone the trial here clearly does not rise to such

8

proportions.  Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty.  [Citation.]  . . . [S]ection 1237.5 does not affect the grounds upon which appeal may be taken following a guilty plea; it merely establishes a procedure for screening out frivolous claims among these issues which have not been waived.  [Citations.]" (*Kaanehe*, at p. 9, fn. omitted.)

Presenting the claim in the guise of a Sixth Amendment violation does not make denial of defendant's continuance motion cognizable.  The defendant in *Kaanehe* argued his "claim was not waived because the refusal to postpone the trial denied him effective assistance of counsel, one of the errors not waived by a plea of guilty.  [Citation.]" (*Kaanehe*, *supra*, 19 Cal.3d at p. 9, fn. 5.)  The Supreme Court rejected that argument "because defendant fail[ed] to suggest wherein the performance of his counsel was inadequate." (*Ibid*.)

*Kaanehe* is dispositive here.  Defendant does not argue his attorney rendered ineffective assistance of counsel by giving him bad advice about pleading guilty, for instance, by not investigating possible defenses or by advising him to plead guilty when the prosecution's evidence was extremely weak.  Nor does defendant argue his attorney failed to inform him of the rights he was waiving by pleading guilty and of the collateral consequences of a guilty plea, or that counsel gave him erroneous information about the maximum sentence he faced by pleading guilty.  Instead, defendant makes the rather tenuous argument that the master calendar and trial judges deprived him of the effective assistance of counsel by denying his attorney an additional continuance to more fully prepare for trial.  Because defendant does not assert that his attorney actually rendered

9

ineffective assistance of counsel in relation to his guilty plea, all that is left is his challenge to the orders denying his 23d and 24th motions to continue, which is not cognizable in this appeal.

Apparently, defendant's due process claim is also waived. (Cf. *People v. Haydon* (1979) 95 Cal.App.3d 413, 418-419 [holding defendant's guilty plea waived due process challenge to pretrial delay between arrest and filing of complaint].) But even if defendant's due process claim is cognizable on appeal, it fails on the merits. Defendant cites no portion of the record which demonstrates the People actually made him a plea offer. At most, defendant contends the People expressed openness to a plea if he and his codefendant both pleaded guilty, and that, even after his codefendant pleaded guilty, the People still held out the possibility of a plea bargain for defendant.

True, as late as November 19, 2013, defendant's attorney told the trial court that a plea deal might be in the offing, and the People did not contradict him. But a mere week later, when the People announced they were ready for trial and asked for a trial date of December 2, 2013, defendant's attorney told the court, "That is agreeable, Your Honor." Announcing ready for trial is no empty formality. "[T]he trial court is entitled to insist that when a party announces 'ready' for trial, that it actually means ready to proceed." (*People v. Allan* (1996) 49 Cal.App.4th 1507, 1518.) There is no indication in the record that, after announcing ready for trial, the People were still open to a plea deal. To the contrary, on the date of trial, the prosecutor informed the trial judge that "going back the past few weeks," the People told defense counsel they were ready for trial and they would not be open to a plea bargain. If defense counsel believed he needed additional time

10

either to finalize a plea bargain or to more fully prepare for trial, he should not have announced ready for trial when he did.  (See *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 332 ["The consequences of not being prepared for trial should inspire counsel to give the court an honest assessment of counsel's ability to timely try the case"].)

Even if the People had held out the possibility of a plea agreement up to the trial date, defendant's argument would still fail.  Published decisions on the enforceability of a withdrawn plea offer are analogous.  The appellate courts of this state have adopted the majority rule that a prosecutor may withdraw a plea offer any time before the defendant actually pleads guilty or detrimentally relies on the offer.  (*People v. Trejo* (2011) 199 Cal.App.4th 646, 656 (*Trejo*); *People v. Cantu* (2010) 183 Cal.App.4th 604, 607 [Fourth Dist., Div. Two]; *People v. McClaurin* (2006) 137 Cal.App.4th 241, 248-249; *In re Kenneth H.* (2000) 80 Cal.App.4th 143, 148; *People v. Rhoden* (1999) 75 Cal.App.4th 1346, 1354 (*Rhoden*).)  "[T]he prosecutor [i]s not obligated to make an offer; there is no constitutional right to a plea bargain.  [Citation.]  Moreover, plea bargaining is governed by principles of contract law [citation], and under contract law, an offer may be revoked by the offeror any time prior to acceptance.  [Citation.]  Thus, a prosecutor may withdraw from a plea bargain, or revoke or withdraw the offer, before the defendant pleads guilty or otherwise detrimentally relies on the bargain.  [Citations.]" (*Trejo*, at pp. 655-656.)

"'A defendant relies upon a [prosecutor's] plea offer by taking some substantial step or accepting serious risk of an adverse result following acceptance of the plea offer. [Citation.] Detrimental reliance may be demonstrated where the defendant performed some part of the bargain. [Citation.] For example, a defendant who provides beneficial information to law enforcement can be said to have relied to his detriment. [Citation.] *Reliance may not be shown "by the mere passage of time."* [Citation.] *Also, it may not be shown where the defendant stopped preparing his defense, absent a showing of specific prejudice.* [Citation.] Nor may detrimental reliance be shown by the prospect of a longer sentence. [Citation.]'" (*Rhoden*, *supra*, 75 Cal.App.4th at p. 1355, quoting *Reed v. Becka* (S.C. Ct.App. 1999) 511 S.E.2d 396, 403, italics added by *Rhoden*.)

Just as a defendant who has not detrimentally relied on a plea bargain may not enforce a withdrawn plea offer, defendant here cannot show that denial of his continuance motion violated his due process rights because he did not detrimentally rely on the possibility of a plea bargain. Defendant's sole claim of detrimental reliance is the vague assertion that his attorney did not fully prepare for trial because he believed a plea bargain was imminent. But, as in the context of specific performance of a plea offer, defendant must show that he suffered some *specific* prejudice from his attorney not more fully preparing for trial in anticipation of obtaining a favorable plea bargain. (*Rhoden*, *supra*, 75 Cal.App.4th at p. 1355.) Absent a more specific showing from defendant, we find no due process violation.

B.    *The Trial Court Did Not Abuse Its Discretion by Imposing an Upper Term Sentence for Defendant's Robbery Conviction and by Not Striking the Personal Use of a Firearm Allegation or Gang Enhancement.*

Defendant argues the trial court abused its discretion by sentencing him to the upper term of five years for his robbery conviction.  He contends there were mitigating circumstances, which warranted imposition of a lesser[3] term sentence.  Defendant also contends the circumstances of the crime, while serious, were not grave enough to justify the trial court imposing a 10-year gang enhancement sentence and a 10-year sentence for the personal use of a firearm allegation.[4]  We find no abuse of discretion.

1.    Additional Background.

At sentencing, the trial court noted defendant faced a maximum sentence of 40 years in state prison, but gave a tentative sentence of 36 years.  Defense counsel asked the court to impose the minimum sentence possible, "whatever that figure is."  Although counsel acknowledged the charges to which defendant pleaded guilty were "substantial,"

---

[3]  Whereas at sentencing defendant's attorney requested the trial court impose "the minimum term prescribed by law," on appeal defendant does not specify what term he believes would have been appropriate—the minimum term of two years or the middle term of three years, either of which would have to be doubled under the three strikes law. (§§ 211, 213, subd. (a)(2), 667, subd. (e)(1), 1170.12, subd. (c)(1).)

[4]  Defendant's argument regarding the sentence enhancements is rather vague.  He contends "the trial court abused its discretion in sentencing [him] to the upper term *and/or* refusing to strike *either* the gang or gun enhancements as requested."  (Italics added.)  He does not say whether he believes the trial court would have been correct in imposing the upper term for the robbery conviction and only one 10-year sentence enhancement, or if the trial court would have been correct in imposing the middle or lower term and imposing one or both 10-year sentence enhancements.

13

he argued for leniency because the victim was not seriously injured and refused medical attention; defendant did not steal anything from the victim; and it was the codefendant who stole the victim's cell phone and punched him in the face. "I'm not minimizing the act, per se, Your Honor, but [I] wanted the court to know that there was apparently no great bodily injury, no great bodily harm." Counsel also argued that defendant's youth when he committed his crimes, his newly developed family support, his expressions of remorse, his cooperation with the probation department, and his willingness to take responsibility for his acts, mitigated against a maximum sentence. Finally, counsel argued defendant should not receive a disproportionate sentence to the one imposed on his codefendant merely because defendant was unable to secure a plea bargain.

The People asked for a sentence of 42 years four months. In response to defense counsel's arguments, the prosecutor argued the victim was completely innocent and that defendant did, in fact, strike the victim. The prosecutor added, "[Defendant] not only demanded money but pistol-whipped [the victim]."

The trial judge explained he was imposing an upper term sentence for defendant's robbery conviction because "the crime involved great violence and the threat of bodily harm; the defendant was a leader of the group who committed this crime; the defendant has engaged in a pattern of violent conduct which indicates [he is] a danger to society; [and] his prior convictions are numerous and are increasing in seriousness." When the court stated it was imposing a 10-year gang enhancement sentence and a 10-year sentence for the personal use of a firearm allegation, to be served consecutively to the sentence for count 1, defense counsel argued the court had discretion under section 1385

14

to strike "certain enhancements or perhaps strike the punishment," and asked the court to consider striking one or both of the enhancements or the punishment for the enhancements. The court addressed the request indirectly, and indicated it was going to stay the punishment for counts 2 through 5 and stay the enhancements for count 2. The court stated, "[S]o while the sentence is a large number of years, I'm staying a lot of the punishment on those other counts."

### 2. Analysis.

The trial court's decision to impose a particular sentence is reviewed for abuse of discretion. (*People v. Jones* (2009) 178 Cal.App.4th 853, 860-861 [Fourth Dist., Div. Two].) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citation.] Second, a '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Under the determinate sentencing law (DSL), the trial court has the discretion to determine, based on mitigating and aggravating circumstances, which sentence within the statutory range "best serves the interests of justice." (§ 1170, subd. (b); see Cal. Rules of Court, rules 4.405(4), (5), 4.420(a), (b).) The court may also consider mitigating factors when deciding whether to strike a sentence enhancement "when the court has discretion to do so." (Cal. Rules of Court, rule 4.405(5).)[5]

"An aggravating circumstance is a fact that makes the offense 'distinctively worse than the ordinary.' [Citations.]" (*People v. Black* (2007) 41 Cal.4th 799, 817.) "Under the DSL, a trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions. [Citations.] The court's discretion to identify aggravating circumstances is otherwise limited only by the requirement that they be 'reasonably related to the decision being made.' (Cal. Rules of Court, rule 4.408(a).)" (*People v. Sandoval* (2007) 41 Cal.4th 825, 848.) A single aggravating factor is sufficient to impose an upper term sentence. (*People v. Osband* (1996) 13 Cal.4th 622, 728; *People v. Jones*, *supra*, 178 Cal.App.4th at p. 863, fn. 7.)

---

[5] In their brief, the People set forth the prohibition on dual use of aggravating factors in selecting an upper term sentence and imposing a sentence enhancement (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420(c)), but states defendant "does not allege, nor does the record support," the conclusion that the trial court improperly made dual use of aggravating factors when sentencing defendant. Because defendant does not argue improper dual use of aggravating factors, we need not discuss it further.

The trial court's choice of the upper term for defendant's robbery conviction was patently not an abuse of discretion. In its reasons for imposing the upper term (Cal. Rules of Court, rules 4.406(a), (b)(4), 4.420(e)), the trial court identified specific aggravating factors that came straight from the California Rules of Court: (i) the crime involved the threat of great bodily harm (rule 4.421(a)(1)); (ii) defendant was a leader of the group which assaulted the victim (rule 4.421(a)(4)); (iii) defendant engaged in a pattern of violent conduct which indicates he was a danger to society (rule 4.421(b)(1)); and (iv) defendant's prior convictions and juvenile adjudications were numerous and increasing in severity (rule 4.421(b)(2)). These aggravating factors, both individually and cumulatively, supported the court's sentencing choice.

Defendant argues the record does not support the trial court's findings in aggravation. For example, defendant contends he was not the leader, that it was his codefendant who struck and robbed the victim, and that the crime did not actually result in great bodily injury. But the trial court did not conclude defendant was *the* leader of the group, and the facts adduced at the preliminary examination show that, out of a larger group, defendant was one of only two who approached and assaulted the victim, which supports the trial court's conclusion that defendant was certainly *a* leader. Moreover, defendant's attempt to minimize the severity of the crime fails. That the crime did not actually result in great bodily injury to the victim is of no consequence because, by striking the victim in the chin with a revolver, defendant's acts certainly had the potential to result in great bodily injury. The record amply supports the trial court's findings in aggravation.

17

Even if we were to agree with defendant that there were mitigating factors in this case, and that the trial court *could* have used those factors to impose a middle or lower term sentence instead of the upper term, on this record we cannot say the trial court abused its discretion by implicitly finding the aggravating circumstances outweighed the mitigating circumstances. As the People contend in their brief, defendant essentially invites this court to reweigh the mitigating and aggravating circumstances, something we may not do. (*People v. Delgado* (2013) 214 Cal.App.4th 914, 919 ["We will not reweigh the valid factors that bore upon the decision below"].)

Finally, we find no error with respect to the imposition of the sentence for the gang enhancement and the personal use of a firearm allegation. The trial court lacked any authority to strike the 10-year[6] sentence enhancement for the personal use of a firearm allegation, so imposition of the sentence for that allegation was clearly not an abuse of discretion. (§ 12022.5, subd. (c); see *People v. Herrera* (1998) 67 Cal.App.4th 987, 988-989, citing *People v. Thomas* (1992) 4 Cal.4th 206, 213–214 ["It is well established that a trial court has no discretion under Penal Code section 1385 to strike the punishment for a personal firearm use enhancement"].) Because robbery is deemed to be a violent felony (§ 667.5, subd. (c)(9)), defendant was subject to a 10-year sentence for the gang enhancement in count 1. (§ 186.22, subd. (b)(1)(C).) Although the trial court

---

[6] Section 12022.5, subdivision (a), provides for a sentence enhancement of three, four, *or* 10 years for the personal use of a firearm during the commission of a felony, but defendant offers no reasoned argument why the trial court's selection of the upper term was an abuse of discretion.

had the discretion to strike the punishment for the gang enhancement if "the interests of justice would be best served" (§ 186.22, subd. (g)), defendant has not demonstrated how the interests of justice would have warranted the court in departing from the general rule that imposition of a gang enhancement is mandatory. (*People v. Vega* (2013) 214 Cal.App.4th 1387, 1396 ["The statutory language is clear—absent a lawful reason not to do so . . . , the gang enhancement must be imposed"].)

In sum, we conclude the trial court did not abuse its discretion when sentencing defendant to the upper term for his robbery conviction, and by imposing a 10-year sentence enhancement for the personal use of a firearm allegation and a 10-year sentence for the gang enhancement.

C. *The Trial Court Erred by Imposing a Five-year Sentence Enhancement Under Section 667, Subdivision (a), and a One-year Sentence Enhancement Under Section 667.5, Subdivision (b), for the Same Prior Offense.*

Relying on *People v. Jones* (1993) 5 Cal.4th 1142, defendant contends the trial court erred by imposing a five-year sentence enhancement under section 667, subdivision (a), for defendant's admission that in 2009 he was sentenced to a gang enhancement, *and* by imposing a one-year enhancement under section 667.5, subdivision (b), for defendant's admission that he suffered a prison prior for the 2009 assault conviction from which the gang enhancement arose. The People concede the error. We agree with defendant.

"In [*People v. Jones*, *supra*, 5 Cal.4th 1142], the trial court had imposed both a five-year prior serious felony enhancement (Pen. Code, § 667, subd. (a)) and a one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)), based on the same prior conviction. (*People v. Jones*, *supra*, 5 Cal.4th at p. 1145.) The Supreme Court held this improper. It relied on the provision of Penal Code section 667 that stated: '. . . "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. . . ."' ([*People v.*] *Jones*, at p. 1149, quoting former Pen. Code, § 667, subd. (b); see now Pen. Code, § 667, subd. (a)(2).) It construed this to mean 'that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply.' ([*People v.*] *Jones*, at p. 1150.) The court therefore remanded 'with directions to strike the one-year enhancement . . . under subdivision (b) of section 667.5 . . . .' (*Id.* at p. 1153.)" (*People v. Lopez* (2004) 119 Cal.App.4th 355, 363-364 [Fourth Dist., Div. Two].)

Because defendant's 2009 prison term and gang enhancement arose from the same assault, we conclude the trial court erred by imposing both a five-year sentence enhancement under section 667, subdivision (a), and a one-year sentence enhancement under section 667.5, subdivision (b). Therefore, we direct the superior court to strike the one-year sentence enhancement. (See *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

III.

DISPOSITION

The superior court is directed to strike the one-year prison prior sentence enhancement imposed pursuant to Penal Code section 667.5, subdivision (b), and the clerk of the superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment and amended minutes of sentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

21